UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

O'NEILL GILBERT                                            CIVIL ACTION

VERSUS                                                     NO. 10-2920

THE TULANE UNIVERSITY OF LOUISIANA                         SECTION "N" (1)
AND THE ADMINISTRATORS OF THE TULANE
EDUCATIONAL FUND

## ORDER AND REASONS

Presently before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7).  For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED IN PART** and **GRANTED IN PART**.  Specifically, the motion is **DENIED** to the extent that it seeks an order awarding attorney's fees and costs, and converting Plaintiff's voluntary dismissal of certain claims to a dismissal with prejudice.

The motion is **GRANTED** to the extent that it seeks dismissal of Plaintiff's abuse of rights claim.  This ruling, however, is without prejudice to Plaintiff's right to seek leave, no later than ten (10) days from the entry of this Order and Reasons, to file a second amending and superseding complaint remedying the pleading deficiencies relative to his abuse of rights claim, and setting forth facts, if he in good faith can, demonstrating that the one-year prescriptive period applicable to that claim commenced no earlier than one year prior to August 4, 2010, the date he filed suit.  The second amending and superseding complaint must include all of the allegations from the original and first amended versions of the complaint on which Plaintiff continues to rely, as well as Plaintiff's additional allegations. If Plaintiff cannot, or does not, cure these deficiencies by timely

amendment, the Court shall, upon motion by Defendants, order its dismissal of Plaintiffs' abuse of rights claim to be with prejudice.

**Background**

Plaintiff alleges that, on or about December 28, 2007, he entered into an employment agreement with Defendants to serve as the Defensive Line Coach for the Tulane University football team. Then, in March 2008, Plaintiff became the Defensive Coordinator for the team. Pursuant to the terms of the employment agreement, he was to remain in that position until June 2010. According to Plaintiff, however, Defendants fired him on December 2, 2008, "in spite of [his] outperforming his predecessor and his counterpart, the Offensive Coordinator for the Tulane University Football Team."[1] Thereafter, Plaintiff alleges that Defendants, through their authorized representatives, utilized print and broadcast media to routinely accuse him of engaging in unprofessional behavior and divisive conduct while employed as Defendants' Defensive Coordinator. As a result Defendants' accusations, Plaintiff maintains, he was unable to obtain another coaching position with a National Collegiate Athletic Association Division I-A football program.

On August 4, 2010, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana. Defendants timely removed the action to this Court on September 2, 2010. Then, on September 17, 2010, Defendants filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of the following claims asserted in Plaintiff's original petition for damages: (1) claims under state tort law; (2) a claim under the Louisiana Employment Discrimination Law; (3) a claim for retaliation; (4) a claim for intentional and/or negligent infliction of emotional distress; and (5) an "abuse of rights" claim. Thereafter, on

---

[1] *See* Plaintiff's opposition memorandum (Rec. Doc. 11) at 2.

September 22, 2010,"in an effort to eliminate claims that provide the same remedy," Plaintiff filed an amended complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, voluntarily dismissing all claims except his claims alleging (1) breach of Defendants' contractual duty to perform their obligations in good faith; and (2) violations of Louisiana's "abuse of rights" doctrine.[2]

On October 6, 2010, Defendants filed a reply memorandum in support of their motion to dismiss. Therein, Defendants do not dispute Plaintiff's assertion that, at present, they do not seek dismissal of Plaintiff's breach of contract claim. Rather, they continue to seek dismissal of Plaintiff's abuse of rights claim, as well as any new claim for "any and all other violations that may be proved at trial." Additionally, contending that Plaintiff's voluntarily dismissed claims had no evidentiary support and/or were not warranted by existing law, and emphasizing that Plaintiff did not dismiss those claims until *after* Defendants filed their Rule 12(b)(6) motion to dismiss, Defendants urge the Court to award them all attorneys fees and costs incurred in connection with that motion. For the same reason, Defendants also ask the Court to order Plaintiff's voluntarily dismissal of certain of his claims be "with prejudice" so that Plaintiff may not later attempt to litigate them.

**Law and Analysis**

As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

---

[2]     *Id.* at 3; First Amended Complaint (Rec. Doc. 10).

Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 550 U.S. at 570)).[3] The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 998.

---

[3] The Third Circuit Court of Appeals recently described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

4

In applying these principles here, the Court agrees that Rule 8 does not require Plaintiff to set forth the factual and legal basis for his abuse of rights claim with particularity. That being said, the complaint must include enough information to apprise the Court and Defendants of the asserted basis for the claim. Here, as summarized in Plaintiff's opposition memorandum, his First Amended Complaint asserts the following in support of his abuse of rights claims:

>    1. Plaintiff entered into an employment agreement with Defendants to serve as Tulane's Defensive Coordinator from March 2008 until June 2010.
>
>    2. Tulane's defense met or exceeded expectations during the 2008 football season.
>
>    3. Defendants' representatives told Plaintiff that they were extremely pleased with the job that he was doing both on and off the field.
>
>    4. Plaintiff outperformed his predecessor and his counterpart, the Tulane University Football Team Offensive Coordinator.
>
>    5. Defendants fired Plaintiff fifteen months prior to the expiration of his employment contract.
>
>    6. After termination, Defendants, via print and broadcast media, routinely accused Gilbert of engaging in unprofessional behavior and divisive conduct which made it impossible for Plaintiff to obtain another coaching position with a Division I-A football program.[4]

As Plaintiff's opposition memorandum explains, Louisiana law recognizes four situations to which the abuse of rights doctrine has been recognized to apply:

>    1. If the predominant motive for it was to cause harm;
>    2. Absent proof of an intent to harm, if there was no serious or legitimate interest in the exercise of the right worthy of judicial protection;
>    3. If the exercise of the right is against moral rules, good faith, or elementary fairness; or

---

[4] *See* Plaintiff's opposition memorandum (Rec. Doc. 11) at 6-7.

>   4. If the holder of the right exercised the right for a purpose other than that for which the right was granted.

*See Illinois Cent. Gulf. Railroad Co. v Int'l Harvester Co.*, 368 So. 2d 1009, 1014 (La. 1979). As presently alleged, however, Plaintiff's amended complaint is insufficient to provide Defendants and the Court with adequate notice of the grounds for his abuse of right claim. Rather, at this juncture, Plaintiff's allegations purporting to set forth an abuse of rights claim, premised upon the factual assertions summarized above, constitute only a formulaic recitation of the elements of a cause of action, which is legally inadequate.[5]

Additionally, the Court agrees that Plaintiff's abuse of rights claim is subject to a one-year liberative prescription period. *See* La. Civ. Code art. 3492, Comment (b) ("The notion of delictual liability includes: intentional misconduct, negligence, abuse of rights, and liability without negligence."); *see also White v. State Farm Mut. Auto. Ins. Co.*, No. 09-991, 2010 WL 4318892, *2-3 (M.D. La. Oct. 22, 2010)(Jackson, J.); *U.L. Coleman Co., Ltd. v. Bossier City-Parish Metro. Planning Comm'n.*, No. 08-2011, 2010 WL 3843629 (W.D. La. Sept. 27, 2010)(Hicks, J.)(citing *Hero Lands Co., v. Texaco, Inc.*, 310 So. 2d 93, 97 (La.1975) ("Article 2315 contemplates responsibility founded on fault . . . including abuse of rights.")); *Adams v. First National Bank of Commerce*, 644 So. 2d 219, 222 (La. App. 4 Cir. 9/29/94). Here, Plaintiff was terminated on December 2, 2008. Thus, any abuse of rights claim based on conduct occurring as of that date had to be asserted on or before December 2, 2009. Plaintiff, however, did not file suit until August 4, 2010. Thus, on the showing made, the Court additionally finds Plaintiff's abuse of rights claim to be untimely.

For these reasons, the Court finds that Defendants' motion to dismiss should be

---

[5] *See* First Amended Complaint (Rec. Doc. 10) at ¶¶ III-X, and XIV.

granted. In an abundance of caution, however, the Court orders that this dismissal be without prejudice to Plaintiff's right to seek leave, no later than ten (10) days from the entry of this Order and Reasons, to amend his complaint a second time to remedy the pleading deficiencies relative to his abuse of rights claim, and to set forth facts, if he in good faith can, demonstrating that the applicable one year-prescriptive period commenced no earlier than one year prior to August 4, 2010, the date he filed suit. If Plaintiff cannot, or does not, timely cure these deficiencies, the Court shall, upon motion by Defendants, convert its dismissal of Plaintiffs' abuse of rights claim to be with prejudice.

In addition to Plaintiff's abuse of rights claim, Defendants' reply clarifies that they also seek dismissal of any new claim for "any and all other violations that may be proved at trial."[6] This language is quoted from Plaintiff's opposition memorandum; it is not included in his amended complaint. In his sur-reply memorandum, Plaintiff confirms that the quoted language was and is not intended to assert an additional claim.[7] Accordingly, the Court presently finds it unnecessary to take action relative to the quoted language.

Finally, as previously stated, Defendants, in their reply memorandum, contend that Plaintiff's voluntarily dismissed claims had no evidentiary support and/or were not warranted by existing law, and emphasize that Plaintiff did not dismiss those claims until *after* Defendants filed their Rule 12(b)(6) motion to dismiss. For those reasons, Defendants urge the Court to award them all attorneys fees and costs incurred in connection with that motion, and ask the Court to order that Plaintiff's voluntary dismissal of certain claims be "with prejudice" such that Plaintiff is precluded from later attempting to litigate them.

On the showing made, the Court denies these requests. As an initial matter,

---

[6] *See* Defendants' reply memorandum (Rec. Doc. 16) at 5-6.

[7] *See* Plaintiff's sur-reply memorandum (Rec. Doc. 19) at 2.

Defendants have not satisfied the "separate motion" requirement established by Rule 11(c)(2) of the Federal Rules of Civil Procedure. Further, Plaintiff's amendment and dismissal appear to be in compliance with Rules 15(a) and 41(a)(1)(A) and (B) of the Federal Rules of Civil Procedure relative to voluntary dismissals being "without prejudice." And, lastly, Defendants do not describe any less costly and/or time consuming efforts, such as a phone call, letter, or email suggesting inquiry into applicable law, undertaken by them, or defense counsel, in an attempt to bring about a voluntary dismissal of certain claims without the necessity of filing a formal adversarial motion.

## Conclusion

As stated herein, **IT IS ORDERED** that Defendants' motion to dismiss (Rec. Doc. No. 7) is **DENIED IN PART** and **GRANTED IN PART** such that Plaintiff's abuse of rights claim is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff desires to proceed with this claim in this proceeding, however, he must file an amending and superseding complaint in accordance with the Court's aforementioned instructions.

New Orleans, Louisiana, this 29th day of September 2011.

                                            **KURT D. ENGELHARDT**
                                            **United States District Judge**